Jerry Earl WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00736–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 2001.

Traci B. Craft, Crystal Beach, for Appellant.

Michael J. Guarino, Crim. Dist. Atty.-Galveston County, Galveston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.*

## OPINION

SCOTT BRISTER, Justice.

A jury found appellant, Jerry Earl White, guilty of delivery of cocaine within 1,000 feet of premises owned by a school, and assessed his punishment at 10 years in prison and a fine of $5,000. He appeals, claiming legal and factual insufficiency and error in the jury charge. We affirm.

### Sufficiency of the Evidence

■ In his first point of error, appellant argues the evidence was legally and factually insufficient to show that he delivered a controlled substance within 1,000 feet of Saint John's school. In reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict, and ask whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In reviewing factual sufficiency, we examine all the evidence neutrally and ask whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000).

An individual convicted of selling drugs in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school is subject to an enhancement penalty. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) (Vernon 1998). The State presented evidence that appellant sold crack cocaine to an undercover officer near 40th and Broadway in Galveston. The spot where appellant sold the cocaine was approximately 616.8 feet from the property owned by Saint John's Lutheran Church (which operates St. John's school on the same premises), according to the officer's measurement using a measuring wheel.

* The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on February 26, 2001.

The State also called the Reverend Morris Alan Taylor, whose entire testimony at trial was as follows:

QUESTIONS BY MS. TAYLOR [Prosecutor for the State]:

Prosecutor: Could you please state your name?

Witness: Morris Alan Taylor.

Prosecutor: What is your occupation?

Witness: I'm a pastor.

Prosecutor: Where are you a pastor?

Witness: St. John's Lutheran Church.

Prosecutor: What is the address there?

Witness: 1121 39th Street.

Prosecutor: Is that the premises, 1121 39th Street, is that owned by St. John's?

Witness: Yes, it is.

Prosecutor: Is that building operated as a school?

Witness: The building in the same block on the other corner is a school, yes, ma'am.

Prosecutor: So St. John's is operated as a school?

Witness: Yes.

MS. TAYLOR: I pass the witness.

QUESTIONS BY MR. JEWETT [Defense counsel]:

Defense: Excuse me. May I get your name again?

Witness: Morris Alan Taylor.

Defense: So, Reverend Taylor?

Witness: Yes.

Defense: Is it is correct to say that the school is located on a different block than where the church building is?

Witness: No, sir. I misstated. We own the entire block. The church building is situated at 39th and L. The school is situated at 40th and L. But we own the entire block.

Defense: But it's a block away from the church? The school sits a block away from there?

Witness: Its on the other corner of the same block.

Defense: Do you have any knowledge if this school is within a thousand feet of 40th and Broadway, do you?

Witness: I wouldn't be able to say. I don't know the measurements.

Defense: You have testified there is a school in that area; correct?

Witness: Oh, yes. Certainly.

Appellant points out that this testimony does not draw a clear distinction between St. John's school and St. John's Lutheran Church. Indeed, it is not clear whether the two are distinct entities, or whether the former is merely a part of the latter. We agree with appellant that this testimony establishes that St. John's Lutheran Church owns the property on which the school is operated. The question presented is whether property owned by a church and operated as a school is protected.

Section 481 defines "school" as "a private or public elementary or secondary school or a day-care center." TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (Vernon 1998). There is no restriction on the type of ownership or organizational structure. There is nothing that excludes churches from the definition, or prohibits the owner from also owning and operating a church nearby.

■ Similarly, there is no general definition in Texas law that limits a school to any particular organizational form. Indeed, a private home can constitute a "school" if children are taught there in a bona fide manner. *Texas Educ. Agency v. Leeper,* 893 S.W.2d 432, 443 (Tex.1994). We do not see why the same does not apply to churches. By adopting only a general (not to say circular) definition, we

believe the Legislature intended to adopt an operational definition, thereby protecting all school property even if the operating entity is a church.

 In this case, it is true that the State could have been more meticulous in its proof. But, in seeking to establish drug-free zones around schools, we believe the statute focuses on reality rather than realty titles. Testimony that a location appears to be operating as a school or contains the word "school" in its name is sufficient to support conviction. *Young v. State,* 14 S.W.3d 748, 754 (Tex.Crim.App. 2000). Appellant never asserted at trial or on appeal that it was unclear whether the property concerned was a school. Accordingly, we hold the evidence is both legally and factually sufficient to support his conviction.

### Jury Charge

In his second point of error, appellant contends that the jury charge is inconsistent with the indictment.[1] The record reflects a brief jury charge conference, at which the trial court made a correction and then asked the following:

THE COURT: Within 1,000 feet of a premises owned by. Any other corrections or objections by the State?

PROSECUTOR: The state has no objections.

THE COURT: Any by the Defendant?

DEFENSE: No, your Honor. Defense has no objection.

 An appellant should not be allowed to affirmatively approve a jury charge, perhaps for sound strategic reasons, and then attack the charge on appeal. *Ly v. State,* 943 S.W.2d 218, 221 (Tex.App.—

Houston [1st Dist.] 1997, pet. ref'd). Appellant waived any error.

We affirm the trial court's judgment.

Justice TAFT concurring and dissenting.

TIM TAFT, Justice, concurring and dissenting.

For the following reasons, I concur in the majority opinion's decision to hold the evidence legally sufficient to prove ownership of the premises by St. John's School, but I dissent from the decision to hold the evidence factually sufficient.

### Sufficiency of the Evidence Regarding Ownership

In his first point of error, appellant contends there is legally and factually insufficient evidence to support the conviction. Specifically, he argues that the evidence was insufficient to show that he delivered a controlled substance within 1,000 feet of premises owned by Saint John's School, a drug free zone, as alleged in the indictment.

A drug free zone is defined as a private or public elementary or secondary school or a day-care center. TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (Vernon Supp.2001). An individual convicted of selling drugs in, on, or within 1,000 feet of, any real property owned, rented, or leased to a school or school board, is subject to an enhanced penalty. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) (Vernon Supp. 2001). Thus, there are three modes of a school's possessory interest in premises of a drug free zone for commission of the enhanced delivery offense.[1] Here, the

---

1. Specifically, appellant argues that the jury charge definition of a drug free zone as "within 1,000 feet of a school" is different from the indictment alleging delivery of cocaine "with-

in 1,000 feet of premises owned by Saint John's school."

1. We are not concerned with a situation, such as for offenses defined by the Penal Code, in

State elected to allege only the ownership mode, and thus was obligated to prove ownership of the premises in St. John's School, as alleged in the indictment and as charged in the jury instructions authorizing the jury to find appellant guilty.[2]

## A. Legal Sufficiency

Appellant argues the evidence at trial established only that Saint John's Church owned the premises and that a school was operated on those premises. Appellant's reasoning is that the phrase "owned by St. John's" could only refer to the church, because that was the only "St. John's" Reverend Taylor identified in his testimony. Appellant claims no proof was introduced that Saint John's School owned anything.

Viewed in the light most favorable to the verdict, there is evidence that: (1) St. John's Lutheran Church owns the premises on which St. John's School is located and (2) St. John's Lutheran Church is operated as a school. From this evidence, the inference could be made that St. John's Lutheran Church and St. John's School are one and the same. There is also evidence that the offense occurred about 616.8 feet from St. John's School, a fair inference from which may be that St. John's School owned the premises upon which it was located. Under the legal sufficiency standard, every inference shall be made in favor of the jury's verdict. *See Richardson v. State*, 879 S.W.2d 874, 879 (Tex.Crim.App.1993). Viewed in this manner, the evidence is legally sufficient to sustain the State's burden to prove the premises were owned by St. John's School.[3]

Accordingly, for different reasons, I concur with the majority opinion's overruling that portion of appellant's first point of error contending that the evidence was legally insufficient to prove the premises were owned by St. John's School.

## B. Factual Sufficiency

Under the factual sufficiency standard of review, we must view all of the evidence neutrally and not make every inference in favor of the jury's verdict. We may not disregard Reverend Taylor's testimony, which is the only evidence directly addressing the ownership of the premises on which the school is located. Without indulging the inferences necessary for legal sufficiency—that St. John's Lutheran Church and St. John's School are one and the same or that St. John's School owns the premises on which it is located—the only evidence regarding ownership of the premises clearly established ownership of the premises in St. John's Lutheran Church. Having alleged ownership of the premises in St. John's School, the State's evidence, without the inferences applied for legal sufficiency, was either too weak to prove ownership of the premises in St. John's School or so contrary to the great weight and preponderance of the evidence regarding ownership in St. John's School

which ownership is defined as including having possession of the property or having a greater right to the property than the accused, in addition to having title to the property. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (Vernon 1994).

**2.** The majority opinion accurately sets out the facts and the applicable standards of review for legal and factual sufficiency.

**3.** The problem I see in the majority opinion's "operational" approach is that, while there is no question the evidence shows that St. John's Lutheran Church operates as a school, the State did not allege St. John's Lutheran Church as the owner of the premises. It alleged St. John's School as the owner of the premises.

to withstand the scrutiny mandated by the factual-sufficiency standard of review.

Accordingly, I would sustain that portion of appellant's first point of error contending that the evidence was factually insufficient to prove the premises were owned by St. John's School.

### Conclusion

I would reverse the trial court's judgment and remand for a new trial. Because the majority opinion would affirm by overruling legal and factual sufficiency challenges, I respectfully concur in overruling the legal sufficiency challenge, but dissent to the overruling of the factual sufficiency challenge.