Date issued September 26, 2002










 


 
 





In The

Court of Appeals

For The

First District of Texas






NOS. 01-01-00426-CR

 01-01-00427-CR

____________


ANDRE LAVELLE HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 845114 and 845115










O P I N I O N

 A jury found appellant, Andre Lavelle Harris, guilty of possession of cocaine
and possession of 3,4 - methylenedioxy methamphetamine (1). The trial court assessed
punishment at six years and one year confinement for the respective offenses. We
affirm.

Facts

 In the early morning hours of May 19, 2000, Houston Police Department
Narcotic Division Officer George Craig was conducting an undercover investigation
at Club Some and saw appellant engage in what he believed to be two drug
transactions. Craig testified that appellant reached to the right side of his body and
exchanged a tablet-like object for money. Craig also testified that, after one
transaction, the buyer placed the tablet into his mouth. He further testified that, based
on his experience, appellant's behavior was consistent with the common practice of
selling ecstasy in nightclubs and that this nightclub was known for the trafficking of
narcotics.

 After he saw these transactions, Craig signaled other officers and gave them
a description of appellant and his location in the club. Officers took appellant out of
the nightclub, searched him, and found a small baggie containing nine tablets of
ecstasy and a baggie containing 151.8 milligrams of cocaine, both in appellant's right
rear pants pocket. Officers also found a baggie containing white powder residue and
$56.06, including two $20.00 bills. Craig and appellant both testified that an ecstasy
tablet commonly sells for $20.00.

 Appellant testified that he did not sell ecstasy or cocaine at the nightclub. 
Rather, he testified that he stepped on the baggies containing the ecstasy and the
cocaine on steps at the nightclub and he placed them in his pocket, but that it was too
dark for him to see what the baggies contained. Appellant was unable to account for
a baggie containing white power residue found in his jacket pocket.

Voir Dire

 In his first point of error, appellant argues that the prosecutor conducted an
improper voir dire by attempting to commit the venire to vote for a finding of guilt
upon facts identical to the facts of appellant's case. Specifically, appellant contends
that the prosecutor asked the venire members if they could convict a person based on
the testimony of one witness.

 A defendant must object to a prosecutor's statement made during voir dire in
order to preserve a complaint for review on appeal. Tex. R. App. P. 33.1; see also
Jenkins v. State, 870 S.W.2d 626, 629 (Tex. App.--Houston [1st Dist.] 1994, pet.
ref'd). Where no objection is made, nothing is presented for review. Bias v. State,
937 S.W.2d 141, 144 (Tex. App.--Houston [1st Dist.] 1997, no pet.). Appellant did
not object to the prosecutor's statements; therefore, he has not preserved this point
of error.

 Moreover, the prosecutor's questions did not commit the venire to the facts of
appellant's case. Here, the prosecutor asked the venire members if they could convict
a person based on the testimony of one witness if they believed the testimony of that
witness beyond a reasonable doubt. The prosecutor's hypothetical situation was
different from the facts of appellant's case. The hypothetical involved an assault case
and a single witness, whereas appellant was charged with possession of controlled
substances and there was more than one witness. 

 Hypothetical fact situations may be employed during voir dire to explain and
illustrate how the law may be applied. Atkins v. State, 951 S.W.2d 787, 789 (Tex.
Crim. App. 1997). The State may not, however, question the venire in an attempt to
commit its members to a specific set of facts. Id. We conclude that the prosecutor's
questions were so general in scope that they were not an impermissible attempt to
commit the venire to the facts of appellant's case. See id.

 We overrule appellant's first point of error.


Sufficiency of the Evidence

 In his third and fourth points of error, appellant argues that the evidence was
legally and factually insufficient to show that he knowingly possessed ecstasy and
cocaine.

In reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict, and ask whether a rational trier of fact could find the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); White v. State, 59 S.W.3d 368, 369 (Tex. App.--Houston
[1st Dist.] 2001, pet. ref'd). To show unlawful possession of a controlled substance,
the State must show that (1) appellant exercised actual care, control, or custody of
contraband, (2) he was conscious of his connection with it, and (3) he knew it was
contraband. Hankton v. State, 23 S.W.3d 540, 544 (Tex. App.--Houston [1st Dist.]
2000, pet. ref'd).

 Craig and appellant both testified that appellant had baggies of ecstasy and
cocaine in his pants pocket when he was searched by police. There was, therefore,
no dispute that appellant exercised actual care, control, or custody of the drugs. Craig
testified that he saw appellant reach into his pocket and exchange a tablet-like object
for money. Craig testified that police found the baggies of ecstasy and cocaine in the
same pocket from which appellant produced the items he sold in the nightclub. Craig
also testified that he saw one customer place what appeared to be a tablet in his mouth
immediately after he completed the transaction with appellant. Craig also testified
that appellant's behavior was consistent with the sale of drugs and that the nightclub
was known for the sale of narcotics. Viewing the evidence in the light most favorable
to the verdict, a jury could rationally have found that appellant knew the contents of
the baggies were ecstasy and cocaine. See White, 59 S.W.3d at 369.

 We overrule appellant's third point of error. 

Appellant also argues that the evidence was factually insufficient to show that
he knowingly possessed the controlled substances. In reviewing factual sufficiency,
we examine all the evidence neutrally and ask whether proof of guilt is so obviously
weak or greatly outweighed by contrary proof as to indicate that a manifest injustice
has occurred. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); White, 59
S.W.3d at 369.

Appellant testified that he was unaware of the contents of the baggies found in
his back pocket because, after he found them on the ground, he was unable to
determine their contents because of poor lighting. This testimony conflicts with
Craig's testimony that appellant was selling drugs at the nightclub. The jury, as fact
finder, was the sole judge of the weight and credibility of the witnesses' testimony. 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

Appellant testified that, when questioned by police at the nightclub, he first 
told them that the cocaine and ecstasy were gifts from an unknown person. The jury
was free to resolve the discrepancies in favor of the State. See Wyatt v. State, 23
S.W.3d 18, 30 (Tex. Crim. App. 2000). We conclude the evidence was factually
sufficient to show appellant knowingly possessed the cocaine and ecstasy seized at
the nightclub. See King, 29 S.W.3d at 563. 

 We overrule appellant's fourth point of error.

Jury Argument

 In his second point of error, appellant argues that, during closing argument, the
prosecutor improperly asked the jury to return a guilty verdict because the community
expected such a verdict.

 To complain about an improper jury argument on appeal, appellant must show
that he objected to the statement and pursued his objection to an adverse ruling. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Appellant did not
object to the State's question; therefore, he has not preserved error for review on
appeal. See Tex. R. App. P. 33.1; Cockrell, 933 S.W.2d at 89.

 Moreover, the prosecution's argument was not improper. A permissible jury
argument falls within one of the following general areas: (1) summation of the
evidence, (2) reasonable deductions from the evidence, (3) responses to opposing
counsel's arguments, and (4) pleas for law enforcement. Sandoval v. State, 52
S.W.3d 851, 857 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd).

 During closing argument, the prosecutor stated the following:


 I submit to you, ladies and gentlemen of the jury, again, that there is
absolute overwhelming evidence of guilt. Please go back, deliberate,
choose a foreman, concentrate on the issues on the case and without
delay return a verdict that is right, right for the people of our
community.

 The prosecutor's statement did not attempt to inform the jury of the
community's expectation of its verdict. The jury was not told that the community
wanted a verdict of guilt. Instead, the prosecutor argued that the drugs appellant was
selling were dangerous to children, and he merely asked the jury to do what was right
for the community. We conclude that the prosecutor's statements were a proper plea
to law enforcement. See id.; see also Johnson v. State, 773 S.W.2d 721, 728 (Tex.
App.--Houston [1st Dist.] 1989, pet. ref'd) (stating that a permissible jury argument
asks the jury to be the voice of the community but not the ears of the community);
Morrow v. State, 757 S.W.2d 484, 494 (Tex. App.--Houston [1st Dist.] 1988, pet.
ref'd) (holding that argument that drugs are detrimental to society was proper plea to
law enforcement).

 We overrule appellant's second point of error.



Conclusion

 We affirm the judgment of the trial court.



 Evelyn V. Keyes

 Justice

Panel consists of Justices Hedges, Keyes, and Duggan. (2)

Do not publish. Tex. R. App. P. 47.
























 
1. 3,4 - methylenedioxy methamphetamine is commonly known as ecstasy and is
sold in tablet form. 
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.