TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00624-CR






John Harris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 9014185, HONORABLE JON N. WISSER, JUDGE PRESIDING







O P I N I O N



 Appellant John Harris appeals his conviction for delivery of a controlled substance,
namely cocaine, in an amount of less than one gram in a drug free zone, a third degree felony. See
Tex. Health & Safety Code Ann. §§ 481.112(a), (b), 481.134(d)(1) (West Supp. 2003). (1) The jury
found appellant guilty of a third degree felony. At the penalty stage of the trial, the trial court found
that the allegations as to four prior felony convictions were true. The court assessed appellant's
punishment at twenty-five years' imprisonment, the minimum punishment under section 12.45(d). 
See Tex. Pen. Code Ann. § 12.42(d) (West Supp. 2003).


Points of Error


 Appellant advances three points of error. First, appellant contends that his federal
and state constitutional rights of due process were violated and that the trial court committed
fundamental error when the "punishment issue of the commission of the offense within 1000 feet
of a school zone" was submitted to the jury at the guilt/innocence stage of the trial. Second,
appellant urges that at the guilt/innocence stage of the trial, his counsel was ineffective for failing
to object to the admission of evidence that the offense was committed within a drug free zone. 
Third, appellant complains that "[i]n the alternative, section 48.134(d) is unconstitutionally vague
as applied to Harris [appellant]." We will affirm the conviction.


Facts

 Appellant does not challenge the legal or factual sufficiency of the evidence to sustain
the conviction. Appellant rested when the State did at the guilt/innocence stage of the trial. Suffice
it to say, the record shows that Austin Police Officer Joseph Lorett, acting in an undercover capacity,
purchased a rock of cocaine for $20 and there was an actual transfer of the cocaine from appellant
to Lorett in downtown Austin on January 11, 2001. Other officers, both in uniform and mufti,
observed the transaction. Appellant was arrested shortly thereafter and the previously photographed
$20 was recovered from appellant. The chain of custody of the cocaine was established, and Glen
Harrison, a chemist with the Austin Police Department, testified that a chemical analysis of the
substance showed it to be cocaine in the amount of less than one gram. There was undisputed
testimony at the guilt/innocence stage of the trial that the offense was committed within 868 feet of
the St. David's church school and day care center.

Appellant's Initial Argument

 At the outset, appellant contends that the question of the location of the delivery of
cocaine--in a drug free zone--was a punishment issue to be decided only at the penalty stage of the
bifurcated trial and that the procedure utilized at his trial was all wrong, despite the lack of an
objection. Appellant asserts that his conviction should have been for the primary offense of delivery
of cocaine in an amount of less than one gram--a state jail felony--under section 481.112(a), (b)
of the Health and Safety Code and punishable under section 12.35(a). Tex. Pen. Code Ann.
§ 12.35(a), (b) (West 1994). Appellant urges that his conviction for the state jail felony should have
remained a state jail felony conviction throughout the trial and that the punishment therefor could
not have been enhanced under section 12.42(d) of the Penal Code, the habitual criminal statute,
because it excludes state jail felonies from its application. A " 'primary offense' is the criminal
offense of which the defendant has most recently been convicted." 43 George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 38.121 (2d ed. West 2001) (hereinafter
Dix). And conviction, not punishment, determines the proper enhancement. Fite v. State, 60 S.W.3d
314, 320 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

 Appellant recognizes the allegation that the delivery took place in a drug free zone,
but contends that was a punishment issue for the trial court at the penalty stage of the trial. He
argues that the trial court could have, based on the evidence, enhanced the punishment for his state
jail felony conviction to that of a third degree felony. See Tex. Pen. Code Ann. § 12.34 (West 1994). 
Appellant insists that the punishment for a state jail felony conviction could be enhanced but not the
conviction itself. Appellant also contends that the punishment for the state jail felony conviction,
having been enhanced once to the punishment applicable to a third degree felony, could not be
enhanced again. This argument would render impotent the allegations of the four prior convictions
with regard to punishment under section 12.42(d).


A Claim of Fundamental Error

 Appellant advances the argument that it was fundamental error to have determined
the location of the delivery of the cocaine was in a drug free zone at the guilt/innocence stage of the
trial; that such procedure improperly allowed the State to claim a conviction at the guilt/innocence
stage for a third degree felony rather than a state jail felony, and then to enhance the punishment for
a third degree felony conviction under section 12.42(d), the habitual criminal statute, by virtue of
proof of four alleged prior felony convictions, to twenty-five years' imprisonment.

 The State argues that the procedure followed in the instant case was proper. It points
out that no objections were imposed by appellant to the matters now complained of for the first time
on appeal, and no error is preserved for review. See Tex. R. App. 33.1(a). As a general rule, trial
counsel must object to preserve error, even if it is "incurable" or "unconstitutional." Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Without proper preservation, even constitutional
error may be waived. See Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). If Rule
33.1(a)'s general requirement is unqualified--that to preserve error matters must be raised in the trial
court--then appellate courts have no authority thereunder to consider fundamental error. See 43A 
Dix § 42.252.

 In passing, appellant cites Rule 103(d) to support his claim of fundamental error. 
Tex. R. Evid. 103(d). The rule deals with evidentiary rulings. However, Rule 103(d) states: "In a
criminal case, nothing in these rules precludes taking notice of fundamental errors affecting
substantial rights although they were not brought to the attention of the court." Tex. R. Evid. 103(d). 
Whether Rule 103(d) is limited to evidentiary matters or was designed to preserve preexisting
fundamental case law is not clear. See 43A Dix § 252.

 Appellant makes no effort to show that Rule 103(d) is applicable to his particular
claim of fundamental error. (2) Moreover, appellant does not mention whether his fundamental error
claim is supported by fundamental error case law. See Marin v. State, 857 S.W.2d 275, 278-79 (Tex.
Crim. App. 1993), overruled on other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997). For there to be fundamental error, there must first be error. We shall examine the record to
determine if there is error. (3)

Background and Procedure

 The prosecution was brought under the provisions of section 481.112(a), (b) at the
time of the offense and section 481.134(d)(1) of the Texas Health and Safety Code as earlier noted. 
See note one.

 The then-applicable section 481.112(a), (b) provided:



 Except as authorized by this chapter, a person commits an offense if the person
knowingly or intentionally manufactures, delivers or possesses with intent to
manufacture or deliver a controlled substance listed in Penalty Group 1.

 An offense under subsection (a) is a state jail felony if the amount of the
controlled substance to which the offense applies is by aggregate weight,
including adulterants or dilutants, less than one gram. (4)




 Cocaine is listed in Penalty Group 1. See Tex. Health & Safety Code Ann.
§ 481.102(3)(D) (West Supp. 2003).

 Section 481.134(d)(1) provides in pertinent part:




 an offense otherwise punishable under section 481.112(b) . . . is a felony of the
third degree if it is shown in the trial of the offense that the offense was
committed:




 
 in, on, or within 1000 feet of any real property that is owned, rented, or
leased to a school or school board.

 



(Emphasis added).


 The only count in the indictment (5) provides in pertinent part that appellant on or about
January 11, 2001:


did then and there intentionally and knowingly deliver, by actual and constructive
transfer, to Joseph Lorett, a controlled substance, namely, cocaine, in an amount of
less than one gram, by aggregate weight, including adulterants and dilutants.


 And the Grand Jury further presents in and to said Court that John Harris
committed the above offense within 1000 feet of premises owned by St. David's
Episcopal Church, a school, to wit: 304 East 7th Street, Austin, Travis County,
Texas.[ (6)]



 There was no motion to set aside the indictment. During the voir dire examination
of the jury panel, both parties discussed the third degree felony alleged. Veniremembers were
interrogated about their views of the drug free zone law provisions. When the indictment alleging
the primary offense was read to the jury, there was no objection. The drug free zone evidence was 
admitted without objection at the guilt/innocence stage of the trial. The trial court later charged the
jury at the guilt/innocence stage that appellant was "charged by indictment with the offense of
Delivery of a Controlled Substance in a Drug Free Zone." The application paragraphs of the jury
instructions provided:

IV.


 Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that on or about the 11th day of January A. D.
2001, in the County of Travis, and State of Texas, as alleged in the indictment, John
Harris intentionally or knowingly deliver, by actual or constructive transfer, to Joseph
Lorett, a controlled substance, namely, cocaine, in an amount of less than one gram,
by aggregate weight, including any adulterants or dilutants, and said delivery was
committed within 1,000 feet of a premise owned by St. David's Episcopal Church,
a school, to-wit: 304 East 7th Street, Austin, Travis County, Texas, you will find the
defendant guilty of the offense of Delivery of a Controlled Substance in a Drug Free
Zone and so say by your verdict, but if you do not so believe, or are unable to arrive
at a verdict on this charge you should proceed to consider the charge in the following
paragraph.


V.


 Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that on or about the 11th day of January A. D.
2001, in the County of Travis, and State of Texas, as alleged in the indictment, John
Harris intentionally or knowingly deliver, by actual or constructive transfer, to Joseph
Lorett, a controlled substance, namely, cocaine, in an amount of less than one gram,
by aggregate weight, including any adulterants or dilutants, you will find the
defendant guilty of the offense of Delivery of a Controlled Substance and so say by
your verdict, but if you do not so believe, or have a reasonable doubt thereof, you
should say by your verdict not guilty.



 It is clear that the trial court submitted the third degree felony offense to the jury in
paragraph IV of the jury charge and the lesser included state jail felony in paragraph V. There was
no objection to the court's charge. After the jury's verdict, the penalty stage of the proceedings was
conducted before the trial court. Appellant made no election that the jury assess punishment. See
Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2003). The formal judgment reflects that
appellant was convicted of "Delivery of Cocaine in Drug Free Zone," . . . "a third degree felony." 
A motion for new trial based on the claim that the jury's verdict was "contrary to the law and
evidence" appears to have been overruled by operation of law. 


Interpretation of Statutes

 In interpreting a statute, courts look to the literal text of the statute for its meaning
and ordinarily give effect to that plain meaning, unless application of the statute's plain language
would lead to absurd consequences that the legislature could not possibly have intended, or the plain
language is ambiguous. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); see also
State v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).

 Section 481.112(a) plainly creates an offense if a person delivers a controlled
substance in Penalty Group 1. Subsection (b) provides that the offense is a state jail felony if the
amount of controlled substance delivered is less than one gram. Section 481.134(d)(1) clearly
provides that an offense, otherwise punishable under section 481.112(b) as a state jail felony, is a
felony of the third degree felony if it is shown on trial that the offense was committed in a drug free
zone in, on, or within 1000 feet of a school. The third degree felony under article 481.134(d)(1)
contains an element that the state jail felony lacks under section 481.112(a), (b). These are two
separate and distinct offenses. The plain language of the two statutes, read individually or together,
does not lead to absurd consequences and the language is not ambiguous. See Boykin, 818 S.W.2d
at 785. The plain meaning of the statutes is to be given effect. Section 481.134(d)(1) provides that
the offense is a third degree felony if on trial the evidence shows delivery in a drug free zone. It does
not provide that after conviction for a state jail felony the punishment for that offense will be the
same as for a third degree felony if certain conditions are present. The legislature could have said
so in section 481.134(d)(1) if it had so intended. There is nothing to show that the legislature
intended that the drug free zone issue under these statutes was to be decided by submission of an
affirmative findings with the conviction remaining a state jail felony, or that the issue be decided by
the same or a different trier of fact at different or separate proceedings.

 If there is any confusion, it arises out of the fact that the statutes are subsections of
different sections of Chapter 481 of the Health and Safety Code. The general provisions of section
481.112 and 481.134 are broad and varied. In Young v. State, 14 S.W.3d 748, 751-53 (Tex. Crim.
App. 2000), the court discussed the evolution of section 481.134 and the 1995 amendments to
section 481.134(b). The court concluded that:


 Subsections (c) through (f) remained untouched, however, indicating a continued
intent to treat separately those offenses occurring within the drug-free zones
surrounding schools or school property.



Young, 14 S.W.3d at 753. Section 481.134(d) is not governed by section 481.134(b) which uses the
phrase "punishment phase." Moreover, courts give effect to specific provisions over more general
provisions of a statute. See Tex. Gov't Code Ann. § 311.026 (West 1998); Campbell v. State, 49
S.W.3d 874, 876 (Tex. Crim. App. 2001).


Conclusion

 We conclude that the indictment charged a third degree felony under sections
481.112(a), (b) and 481.134(d)(1) and that it was proper to submit to the jury all the elements of the
offense at the guilt/innocence stage of the trial including the delivery of cocaine within the specific
drug free area. At the penalty stage of the trial, the jury having found appellant guilty of a third
degree felony, the trial court was free to hear evidence about the four prior felony convictions and
to assess the minimum punishment under section 12.42(d). Tex. Pen. Code Ann. § 12.42(d) (West
Supp. 2003) (habitual offenders). Appellant was not convicted of a state jail felony; his punishment
was not assessed under section 12.35(a) for a state jail felony; and section 12.42(d) was not rendered
inapplicable to the assessment of punishment in the instant case.

 We have examined several cases dealing with delivery of cocaine in a drug free zone,
see, e.g., Lovelady v. State, 65 S.W.2d 810 (Tex. App.--Beaumont 2002, no pet.); White v. State,
59 S.W.3d 368 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd), and we have found none where
the issue of the drug free zone was postponed until the penalty stage of the trial after a conviction
for a state jail felony, as urged by appellant.

 Appellant cites Hastings v. State, 20 S.W.3d 786 (Tex. App.--Amarillo 2000, pet.
ref'd), which involved prosecution for delivery of cocaine in a school's drug free zone under the
provisions of section 481.112(c) (second degree felony--one gram or more but less than four grams)
and section 481.134(c) (punishment issue statute increasing second degree felony punishment by five
years and doubling maximum fine). See Tex. Health & Safety Code Ann. §§ 481.112(c), 481.134(c)
(West Supp. 2003). These are different statutes than those involved in the instant case. The
Amarillo court noted the phrase "on the trial of the offense" found in section 481.134(c) and
determined that the State, in its unfettered discretion, may prove the drug transaction occurred within
1000 feet of a school during either phase of the trial. Hastings, 20 S.W.3d at 790.

 Appellant can find little comfort in Hastings because it can be said that the State
exercised its discretion in the instant case by offering the drug free zone evidence at the
guilt/innocence stage of the trial. Moreover, we do not necessarily agree with the Amarillo court that
the legislature intended to allow the State to opt arbitrarily as to when it will present the evidence. 
Such practice would undermine the trial court's control of the trial. The practice would vary from
county to county and even from case to case in the same county or same court. Hastings does not
support appellant's argument. Further, Hastings overlooks the fact that all trials are not bifurcated
trials. 

 The procedure suggested by appellant would be applicable only in those cases where
there had been a proper bifurcation of the proceedings. The bifurcation statute [Tex. Code Crim.
Proc. Ann. art. 37.07, § 2(a) (West Supp. 2003)] is only applicable to "pleas of not guilty before a
jury." Barfield v. State, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001); Morales v. State, 416 S.W.2d
403, 405 (Tex. Crim. App. 1967); see also Duhart v. State, 668 S.W.2d 384, 386 n.3 (Tex. Crim.
App. 1984). The statutory bifurcation provision would have no application to a trial before the court
on a plea of not guilty. Barfield, 63 S.W.3d at 449-50; Courtney v. State, 424 S.W.2d 440, 443 (Tex.
Crim. App. 1968). Other proceedings on pleas of guilty before the trial court or jury are also unitary
trials. See Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981); Busaldua v. State, 481
S.W.2d 851, 853 (Tex. Crim. App. 1982); Darden v. State, 430 S.W.2d 494, 495 (Tex. Crim. App.
1968); see generally 43 Dix § 38.14 (discussing common practice). Statements in cases like Luna,
70 S.W.2d 354, 361 (Tex. App.--Corpus Christi 2002, pet. ref'd) and Hastings, 20 S.W.3d at 790,
that all criminal trials are bifurcated are incorrect and misleading.

 The most striking blow to appellant's contention and the holding in Hastings is
Apprendi v. New Jersey, 530 U.S. 466 (2000), where the United States Supreme Court considered
the constitutionality of the New Jersey hate-crimes statute. That statute allowed a jury to convict a
defendant of a second degree offense based upon a finding, beyond a reasonable doubt, that he
unlawfully possessed a prohibited weapon; after a subsequent separate proceeding, it then allowed 
a trial judge to impose punishment for a first degree offense based on the judge's finding, by a
preponderance of the evidence, that the defendant's "purpose" for unlawfully possessing the weapon
was "to intimidate" his victim on the basis of a particular characteristic that the victim possessed.

 In holding the New Jersey statute violated due process, the United States Supreme
Court stated:


It is unconstitutional for a legislature to remove from the jury the assessment of facts
[other than the fact of a prior conviction] that increase the prescribed range of
penalties to which a criminal defendant is exposed. It is equally clear that such facts
must be established by proof beyond a reasonable doubt.



Id. at 499; see also In re Boyd, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001) (discussing Apprendi).

 Thus, any interpretation of section 481.134(d)(1), as appellant would have it, that
would remove from the jury the assessment of a fact--whether the offense of delivery of cocaine
occurred in a drug free zone within 1000 feet of a school--that would increase the prescribed range
of penalties to which appellant was exposed, would be violative of due process and render the statute
unconstitutional. Thus, the trial court was correct in permitting evidence of the occurrence of the
offense to be presented at the guilt/innocence stage of the trial and submitting the offenses to the jury
in the court's charge at that stage of the proceedings. Appellant's claims to the contrary are without
merit. There was no error in the trial court's procedure. Without error, there is no fundamental
error. The first point of error is overruled. 

Ineffective Assistance of Counsel


 In his second point of error, appellant contends that "counsel was ineffective for
failing to object to the admission of evidence regarding the commission of the offense within a drug
free zone at the guilt-innocence phase of the trial." Appellant limits his effective assistance claim
to the admission of evidence.

 The Sixth Amendment to the United States Constitution guarantees the right to the
reasonable effective assistance of counsel in state criminal proceedings. McMann v. Richardson,
397 U.S. 759, 771 n.14 (1970); see also Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App.
1986). The standard for appellate review of the effective assistance of counsel, either retained or
appointed, is the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984), adopted in
Texas by Hernandez v. State, 726 S.W.2d 53, 53 (Tex. Crim. App. 1986). Under the Strickland
standard, a convicted defendant must (1) show that his trial counsel's performance was deficient in
that counsel made such serious errors he was not functioning effectively as counsel, and (2) show
that the deficient performance prejudiced the defendant to such a degree that the defendant was
deprived of a fair trial. Strickland, 466 U.S. at 686-89; Parmer v. State, 38 S.W.3d 661, 665 (Tex.
App.--Austin 2000, pet. ref'd); Banks v. State, 819 S.W.2d 676, 681 (Tex. App.--San Antonio
1991, pet. ref'd). Unless a defendant makes both showings, it cannot be said that the conviction
resulted from a breakdown in the adversary process that renders the results unreliable. Strickland,
466 U.S. at 687; Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd). 
Under Strickland, a defendant has the burden to prove a claim of ineffective assistance of counsel
by a preponderance of evidence. McFarland v. State, 928 S.W.2d 482,500 (Tex. Crim. App. 1996);
Parmer, 38 S.W.3d at 665. 

 The review of a claim of ineffective assistance of counsel is highly deferential. 
Strickland, 466 U.S. at 687; Busby v. State, 990 S.W.2d 263, 268 (Tex. Crim. App. 1999). Every
effort must be made to eliminate the distorting effect of hindsight. Strickland, 466 U.S. at 689;
Kunkle v. State, 852 S.W.2d 499, 502 (Tex. Crim. App. 1993); Scott v. State, 57 S.W.3d 476, 483
(Tex. App.--Waco 2001, pet. ref'd). A reviewing court must indulge a strong presumption that a
trial counsel's conduct falls within a wide range of reasonable representation. McFarland, 928
S.W.2d at 500. An ineffectiveness claim cannot be demonstrated by isolating one portion of
counsel's representation. Parmer, 38 S.W.2d at 666. Courts assay the totality of counsel's
representation rather than isolated acts or omissions. Wilkerson, 726 S.W.2d at 548; Duvall v. State,
59 S.W.3d 773, 779 (Tex. App.--Austin 2001, pet. ref'd). The Strickland standard has never been
interpreted to mean that the accused is entitled to errorless or perfect counsel. Bridge v. State, 726
S.W.2d 558, 571 (Tex. Crim. App. 1986). Moreover, the fact that another attorney might have
pursued a different course of action at trial will not support a finding of ineffectiveness. Nethary v.
State, 29 S.W.3d 178, 188 (Tex. App.--Dallas 2000, pet. ref'd); Banks, 819 S.W.2d at 681. 

 In the first point of error, we rejected appellant's claim that delivery of a controlled
substance less than one gram in a drug free zone was a punishment issue only. It was proper for the
prosecution to have introduced evidence of the drug free zone at the guilt/innocence stage of the trial. 
Appellant's trial counsel cannot be faulted for failing to object to evidence that was properly
admissible. Appellant has not sustained his burden of proof under Strickland. The second point of
error is overruled. 


Constitutionality of Section 481.134(d)

 Appellant claims that "[i]n the alternative, section 481.134(d) is unconstitutionally
vague as applied to Harris [appellant]." He does not contend the statute is unconstitutional on its
face.

 In determining a statute's constitutionality, we begin with a presumption of the
statute's validity. See State v. Wofford, 34 S.W.2d 671 (Tex. App.--Austin 2000, no pet.); Ex parte
Anderson, 902 S.W.2d 695, 698 (Tex. App.--Austin 1995, pet. ref'd); Skillern v. State, 890 S.W.2d
849, 860 (Tex. App.--Austin 1994, pet. ref'd). We presume that the legislature did not act
unreasonably or arbitrarily in enacting the statute and that it had due regard for constitutional
requirements. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). It is the
challenger's burden to show that the statute is unconstitutional. Anderson, 902 S.W.2d at 698. The
statute must be upheld if a reasonable construction can be ascertained which will render the statute
constitutional and carry out the legislative intent. Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim.
App. 1979). Constitutional issues will not be decided upon a broader basis than the record requires. 
State v. Garcia, 823 S.W.2d 793, 799 (Tex. App.--San Antonio 1992, pet. ref'd).

 Questions about the constitutionality of a statute upon which a defendant's conviction
is based should be addressed by the reviewing court on direct appeal, even when such issues are
raised for the first time on appeal. See Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987);
see also Holberg v. State, 38 S.W.3d 137, 139 n.7 (Tex. Crim. App. 2000). However, a contention
that a statute is unconstitutional as applied to an accused because of vagueness and uncertainty must
be asserted in the trial court or it is waived. See Curry v. State, 910 S.W.2d 490, 496 n.2 (Tex. Crim.
App. 1995); Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994); State v. West, 20 S.W.3d
867, 873 (Tex. App.--Dallas 2000, pet. ref'd); Sullivan v. State, 986 S.W.2d 708, 711 (Tex.
App.--Dallas 1999, no pet.). In Bader v. State, 15 S.W.3d 599, 603 (Tex. App.--Austin 2000, pet.
ref'd), this Court explained that Rabb was applicable to facial constitutional challenge to a statute
on appeal and why the "as applied" challenge called for a different rule. 

 In the instant case, there was no objection in the trial court to the constitutionality of
section 481.134(d)(1) "as applied" to appellant. Thus, the point of error is not before this Court for
review.

 The judgment is affirmed.



 __________________________________________

 John F. Onion, Jr., Justice

Before Justices Kidd, Yeakel and Onion*

Affirmed

Filed: February 13, 2003

Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The current code section 481.112(a), (b) is cited for convenience. Appellant was
prosecuted under Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586,
3705 (Tex. Health & Safety Code § 481.112(a), (b), since amended).
2.   In Blue v. State, 41 S.W.3d 129, 131-33 (Tex. Crim. App. 2000), not cited by appellant,
four judges concluded that Rule 103(d) was authority to treat some errors as fundamental. The
plurality held that the trial judge's comments to the jury panel which "tainted" the defendant's
presumption of innocence was fundamental error under Rule 103(d). Judge Keasler concurred in
the result because the comments violated the defendant's "absolute right" to an impartial judge. 
Judge Keasler did not believe that Rule 103(d) was intended to authorize exceptions to Rule 33.1
and did not apply to the error in Blue which was not subject to the rules of evidence. Judge
Mansfield also concurred. The three dissenters agreed that Rule 103(d) had no applicability to the
error involved and error was waived by failure to object to the comments. For a discussion of Blue,
see 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure 
§ 62.252 (2d ed. West 2001); Rahago v. State, 75 S.W.3d 561, 563 (Tex. App.--San Antonio 2002,
pet. filed). Because there is majority opinion in Blue, it is not binding precedent. Pearson v. State,
994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999); Rahago, 75 S.W.3d at 563. In Oulare v. State,
76 S.W.3d 231, 234 (Tex. App.--Amarillo 2002, no pet.) the court found that "the scope of Blue is
far from certain."
3.   In his point of error and in his brief, appellant mentions error in submitting the drug free
zone issue to the jury at the guilt/innocence stage of the trial. This would indicate that his claim of
error was limited to jury charge error. Appellant, however, does not cite article 36.19 dealing with
jury charge error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). Appellant does not apply the
standard for review of jury charge error when there is no objection. See Jimenez v. State, 32 S.W.3d
233, 236 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim App. 1984)
(op. on reh'g). It is clear that appellant has not briefed any limited claim to jury charge error and
presents nothing for review in this regard. See Tex. R. App. P. 38.1(h). It is obvious that appellant's
complaint is broader and not specifically concerned with jury charge error.
4.   Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705
(Tex. Health & Safety Code § 481.112(a), (b), since amended).
5.   Enhancement of punishment allegations as to prior felony convictions are not "counts" of
an indictment. See Square v. State, 167 S.W.2d 192, 193-94 (Tex. Crim. App. 1942); see also
Zaragosa v. State, 588 S.W.2d 322, 323 n.3 (Tex. Crim. App. 1979); Hathorne v. State, 459 S.W.2d
826, 830 (Tex. Crim. App. 1970); Pitts v. State, 742 S.W.2d 420, 422 n.1 (Tex. App.--Dallas 1987,
no pet.).
6.   The fact that the indictment is set forth does not mean that this is the only way to allege the
third degree felony offense.